BONDURANT (WATSON v.). See Case No. 17,278.

---

## Case No. 1,626.

### BONE v. The NORMA.

[1 Newb. 533.][1]

District Court, E. D. Louisiana. March, 1856.

MARSHALS—FEES—SETTLEMENT OF CONTROVERSY.

1. That portion of the 1st section of the act of congress regulating the fees and costs of the clerks, marshals and attorneys of the circuit and district courts of the United States, which provides that "in case the debt or claim shall be settled by the parties without a sale of the property, the marshal shall be entitled to a commission of one per cent. on the first five hundred dollars of the claim or decree, and one-half of one per cent. on the excess over five hundred dollars," should not be so construed as to give the marshal a right to exact said commission in a case where the claim of the libelant has been settled before any claimant of the property libeled appears in court.

2. The law did not intend to confer a gratuity upon the marshal; it contemplated the presence of both the parties litigant in court, and the

---

[1] [Reported by John S. Newberry, Esq.]

whole progress of the litigation short of the sale under the final decree; or, the possession of the property by the marshal, and the usual proceedings under an interlocutory order of sale, without the sale itself.

[Disapproved in The Russia, Case No. 12,170. Cited in The Clintonia, 11 Fed. 741.]

[In admiralty. A libel was filed by George W. Bone against the steamer Norma for salvage, but, before any claimant appeared in court, the claim for salvage was settled without a sale of the property libeled. Heard on rule by the United States marshal, upon the libelant, to show cause why his commissions should not be paid in conformity to Act Feb. 26, 1853 (10 Stat. 161, c. 80). Rule discharged.]

Wm. Cornelius, for United States marshal.

G. B. Duncan, for libelant.

McCALEB, District Judge. The claim for salvage compensation in this case has been settled without a sale of the property libeled, and before any claimant thereof appeared in court. A rule has been taken on behalf of the United States marshal, upon the libelant, to show cause why a commission of one per cent. on the first $500 of said claim, and one-half of one per cent. on the residue thereof, should not be paid to him (the United States marshal), in conformity to the act of congress approved February 26th, 1853 [10 Stat. 161, c. 80], entitled "An act to regulate the fees and costs to be allowed clerks, marshals and attorneys of the circuit and district courts of the United States, and for other purposes." The provision of the 1st section, upon which his claim for commissions is founded, is as follows: "For serving an attachment in rem or a libel in admiralty, two dollars; and the necessary expenses of keeping boats, vessels, or other property attached or libeled in admiralty, not exceeding two dollars and fifty cents per day; and in case the debt or claim shall be settled by the parties without a sale of the property, the marshal shall be entitled to a commission of one per cent. on the first five hundred dollars of the claim or decree, and one-half of one per cent. on the excess over five hundred dollars: provided, that in case the value of the property shall be less than the claim, then, and in such case, such commission shall be allowed only on the appraised value thereof."

It is admitted that the marshal has received his fees for serving the usual process upon the property, and for the custody thereof. For services actually rendered, therefore, he has been duly compensated; and the question now to be determined is, can he, in conformity to the provisions of the act referred to, be paid a commission on the amount of the libelant's claim? If he can, upon the grounds contended for by his counsel, then it must be given to him as a mere gratuity. Is the law to receive such a construction as would be positively unjust in

principle, and render it oppressive in its operation upon suitors, who claim the aid of the court in the assertion of their rights? The language of the law is certainly not free from difficulty. But it can hardly be supposed that the lawgiver intended that an officer of the court should be gratuitously compensated at the expense of a litigant. In this case it is not pretended that any services have been rendered, to entitle him to be paid the commission demanded. The law, I think, contemplated the presence of both the parties litigant in court, and the whole progress of the litigation short of the sale under the final decree; or it contemplated the possession of the property by the marshal, and the usual proceedings by advertisement, &c., under an interlocutory order of sale without the sale itself. It intended to provide an adequate compensation to the marshal for the trouble and responsibility he assumes up to the moment of sale, and to put it out of the power of litigants to deprive him of such compensation for the trouble and responsibility thus assumed, by a compromise or settlement before a sale under a final decree, or a sale under an interlocutory order of court. This, in my judgment, is the only fair and rational interpretation to be given to the provision of the act of congress referred to.

It is therefore ordered that the rule be discharged.